UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
:
UNITED STATES OF AMERICA
:     08 – CR – 240 (S-6) (BMC)
      -against-
    NOTICE OF MOTION
DINO SARACINO
:
-----------------------------------------------------------------------X

      PLEASE TAKE NOTICE that upon the annexed Affirmation by JOSEPH COROZZO, ESQ., sworn on the 14th day of December 2010, the undersigned will move this Court before the honorable Judge Brian Cogan, United States District Judge, at the United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York, 11201 on a date and time convenient for the Court, for an Order directing the Government to provide defendant with responses to the motion for a Bill of Particulars pursuant to Federal Rules of Criminal Procedure Rule 7(f).

Dated: New York, New York
       December 14, 2010

                                            JOSEPH R. COROZZO
                                            Rubinstein & Corozzo, LLP
                                            *Attorney for Dino Saracino*
                                            260 Madison Avenue
                                            New York, New York 10016
                                            (212) 545 – 8777

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
UNITED STATES OF AMERICA
                                                                   :     08 – CR – 240 (S-6) (BMC)
    -against-
                                                                         AFFIRMATION
DINO SARACINO
                                                                   :
-------------------------------------------------------------------X

        JOSEPH R. COROZZO, pursuant to 28 U.S.C. § 1746, an attorney duly admitted to the practice of law before the Courts of the State of New York and this Court, affirms the following to be true, under penalties of perjury:

1. I am a partner at Rubinstein & Corozzo, LLP, the attorneys of record for the defendant DINO SARACINO. I am fully familiar with the facts and circumstances of this case based upon my review of the indictment, case file and conversations with the defendant.

2. This affirmation is made in support of defendant's motion, which seeks an Order of this Honorable Court granting a Bill of Particulars pursuant to Fed.R.Crim.P. 7(f).

3. Unless otherwise specified, all allegations of fact set forth in this affirmation and in the accompanying Motion for a Bill of Particulars are upon information and belief derived from my review of the indictments, case file and conversations with the defendant.

Dated: New York, New York
       December 14, 2010

       I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief. 28 U.S.C. § 1746.

                                                      JOSEPH R. COROZZO

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
UNITED STATES OF AMERICA
: 08 – CR – 240 (S-6) (BMC)
    -against-
: MOTION FOR A BILL
   OF PARTICULARS
DINO SARACINO
:
------------------------------------------------------------------X

## DEFENDANT SARACINO'S MOTION
## FOR A BILL OF PARTICULARS

### Introduction

1.    Defendant, DINO SARACINO, by and through his undersigned Counsel, files this Motion for a Bill of Particulars in accordance with Fed.R.Crim.P. 7(f).

2.    Rule 7(f) of the Federal Rules of Criminal Procedure allows a defendant to seek a Bill of Particulars in order to enable him "to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987). The decision to grant a motion for a Bill of Particulars lies within the discretion of the district court. *United States v. Barnes*, 158 F.3d 662, 665-66 (2d Cir. 1998); *United States v. Cephas*, 937 F.2d 816, 823 (2d Cir. 1991); *United States v. Panza* 750 F.2d 1141, 1148 (2d Cir. 1984); *United States v. Reddy*, 2002 WL 15610 at *5 (S.D.N.Y. 2002). "In exercising that discretion, the court must examine the totality of the information available to the defendant - through the indictment, affirmations, and general pre-trial discovery-and determine whether, in light of the charges that the defendant is required to answer, the filing of a bill of particulars is warranted." *United States v. Bin Laden*, 92 F.Supp.2d 225, 233 (S.D.N.Y. 2000).

1

3. A Bill of Particulars should not be used as a mechanism for the defense to discover "evidentiary detail" about the government's case. *United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990). The only time a bill of particulars is granted is "where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which is accused." *Torres, supra*. Therefore, a bill of particulars will be granted "if necessary to give the defendant enough information about the charge to prepare his defense,...'even if the effect is disclosure of evidence or of theories.' Charles Alan Wright, *Federal Practice and Procedure* § 129 (1982)." *United States v. Barnes, supra*, 158 F.3d at 665. *See also United States v. Aliperti*, 867 F. Supp. 142, 148 (E.D.N.Y. 1994); *United States v. Leonard*, 817 F. Supp. 286, 301 (E.D.N.Y. 1992). In the end "the important question [for the district court] is whether the information sought is necessary, not whether it is helpful." *United States v. Facciolo*, 753 F. Supp. 449, 451 (S.D.N.Y 1990). *See also United States v. Fruchter*, 104 F. Supp.2d 289, 312 (S.D.N.Y. 2000).

4. On June 26, 2008, defendant Dino Saracino filed his first motion for a Bill of Particulars. An order was entered on August 1, 2008 by the Honorable District Court Judge Nina Gershon directing that the Bill of Particulars will be held in abeyance to allow the parties to determine whether sufficient information will be provided to the deft through discovery.

5. On February 3, 2009 defendant filed another motion for a Bill of Particulars that would provide information that would mitigate the imposition of the death penalty. On February 6, 2009 the Honorable District Court Judge Brian M. Cogan denied this motion.

6. On July 8, 2010, a grand jury in the Eastern District of New York returned a sixth superseding indictment charging Mr. Saracino with various allegations including being a participant in a racketeering enterprise, which committed various crimes ranging from

2

conspiracy to commit robbery, murder, cocaine distribution, extortionate credit. The indictment, however, fails to provide any meaningful detail as to the underlying criminal conduct. Instead, the indictment merely provides dates and generalizations of the underlying criminal conduct which the government alleges was committed.[1] Without more information, Mr. Saracino cannot adequately prepare for trial.

7. In the over 30 months since the inception of this prosecution, the Government has provided voluminous discovery. This discovery includes hundreds of hours of audio recordings and thousands of pages of documents. While this discovery has been useful to particularize conduct in some of the counts, nowhere in the discovery is there information pertaining to the criminal conduct charged in Count 1 Act 3, Count 1 Act 7, Count 1 Act 10 Count 1 Act 12, Count 1 Act 14, and Count 5.

8. As discovery has been completed and given the new allegations in the sixth superseding indictment, Mr. Saracino now moves for the following particulars:

**Racketeering Act Three: Murder Conspiracy- Orena Faction Members**

(1) With respect to Racketeering Act Three of the indictment, please state or set forth, with specificity, the following:

a. The particular conduct of the defendant Dino Saracino which constitutes the basis for his being charged in Racketeering Act Three.

---

[1] Count 1 of the indictment alleges that "In or about and between January 1991 and the present, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere...DINO SARACINO, also known as "Little Dino, " together with others, being persons employed by and associated with the Colombo family... did knowingly and intentionally conspire to violate Title 18, United States Code, Section 1962 (c).' that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of that enterprise through a pattern of racketeering activity...consisting of the racketeering acts set forth below. Each defendant agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the enterprise."

3

b. What role (i.e., principle, aider and abettor, or other) Dino Saracino had in conspiring to cause the death of members of the Orena faction of the Colombo family as alleged in paragraph 25 of the indictment.

c. Please identify with specificity the persons who Mr. Saracino conspired to cause the death of.

d. The date and place where acts in furtherance of this conspiracy by Dino Saracino took place, and the date Mr. Saracino entered and continued in this conspiracy.

(2) Please identify whether any other individual(s) were investigated, arrested, indicted or prosecuted for conspiring to cause the death of members of the Orena faction of the Colombo family by any state or federal law enforcement agency or state or federal prosecutor.

### Racketeering Act Seven: Extortionate Collection of Credit

(3) With respect to Racketeering Act Seven of the indictment, please state or set forth, with specificity, the following:

a. The particular conduct of the defendant Dino Saracino which constitutes the basis for his being charged under Racketeering Act Seven.

b. What role in the extortion business (i.e., enforcer, collector, or other) Dino Saracino had in conspiring to use extortionate means to collect an extension of credit from John Doe #1 as alleged in paragraph 36 and for using extortionate means to collect an extension of credit as alleged in paragraph 37.

c. The locations where Dino Saracino conspired to use extortionate means to collect an extension of credit, and the place where Dino Sarcino used

4

       extortionate means to collect an extension of credit from John Doe # 1 as alleged in paragraphs 36 and 37.

   d. The date when Dino Saracino entered and continued in this conspiracy.

   e. The manner in which Dino Saracino used extortionate means to collect an extension of credit from John Doe # 1 as alleged in paragraph 37.

   f. Please identify the amount of money or credit which Dino Saracino conspired to and used extortionate means to collect an extension of credit from John Doe # 1 as alleged in paragraphs 36 and 37.

(4) Please identify who others Dino Saracino allegedly conspired with.

### Racketeering Act Ten: Cocaine Distribution Conspiracy

(5) With respect to Racketeering Act Ten of the indictment, please state or set forth, with specificity, the following:

   a. The particular conduct of the defendant Dino Saracino which constitutes the basis for his being charged in Racketeering Act Ten.

(6) Please state the amount(s) of cocaine which Dino Saracino conspired to distribute and possessed with intent to distribute between 1997 and 1998 as alleged in paragraph 45 of the indictment.

(7) Please state when and where Dino Saracino agreed to conspire with others to distribute cocaine in the Eastern District of New York and elsewhere.

(8) Please state with what other persons Dino Saracino conspired with to distribute cocaine in the Eastern District of New York.

(9) The date and place where acts in furtherance of this conspiracy by Dino Saracino took place.

Case 08-cr-00240-BMC-RER Document 1101 Filed 12/15/11 Page 7 of 9

**Racketeering Act Twelve: Murder Conspiracy- Michael Burnside**

(9) With respect to Racketeering Act Three of the indictment, please state or set forth, with specificity, the following:

    a. The particular conduct of the defendant Dino Saracino which constitutes the basis for his being charged in Racketeering Act Twelve.

    b. What role (i.e., principle, aider and abettor, or other) Dino Saracino had in conspiring to cause the death of Michael Burnside as alleged in paragraph 49.

    c. The date and place where acts in furtherance of this conspiracy by Dino Saracino took place, and the date and place Mr. Saracino entered and continued in this conspiracy.

(10) Please identify whether any other individual(s) were investigated, arrested, indicted or prosecuted for conspiring to cause the death of Michael Burnside by any state or federal law enforcement agency or state or federal prosecutor.

**Racketeering Act Fourteen (Count 5): Extortionate Extension of Credit**

(11) With respect to Racketeering Act Fourteen of the indictment, please state or set forth, with specificity, the following:

    d. The particular conduct of the defendant Dino Saracino which constitutes the basis for his being charged in Racketeering Act Fourteen.

    e. What role in the extortion business (i.e., enforcer, collector, or other) Dino Saracino had in the extortionate extension of credit in the Eastern District of New York.

(12) Please identify the amount of money or credit extended which Dino Saracino agreed to extend between 2002 and 2008 as alleged in paragraph 53 of the indictment.

(13) Please identify others Dino Saracino allegedly conspired with to extend extortionate amounts of money or credit in the Eastern District of New York.

(14) Please list the exact dates, times and locations on which Dino Saracino conspired with to extend extortionate amounts of money or credit between 2002 and 2008 in the Eastern District of New York.

(15) Please identify the individuals who allegedly borrowed money from Dino Saracino between 2002 and 2008 in the Eastern District of New York.

Dated:   New York, New York
December 1, 2010

Respectfully Submitted,

JOSEPH COROZZO
RUBINSTEIN & COROZZO, LLP
*Attorney for Dino Saracino*
260 Madison Avenue, 22nd Floor
New York, New York 10016
(212) 545-8777

7