UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA        :        08-cr-240 (S-6) (BMC) (RER)

-against -                                         :

THOMAS GIOELI and                      :
DINO SARACINO,
                                                         :
                    Defendants.
_____


# SARACINO'S MEMORANDUM IN OPPOSITION TO THE GOVERNMENT'S MOTION IN LIMINE TO ADMIT CERTAIN EVIDENCE AGAINST HIM


Dated:        Bronx, New York
                  June 13, 2011

                                                              Law Office of Sam Braverman
                                                              901 Sheridan Avenue
                                                              Bronx, New York 10451
                                                              Tel: (718) 293-1977
                                                              Fax: (718) 293-5395

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 08-cr-240 (S-6) (BMC) (RER) |
| -against- | : | |
| THOMAS GIOELI and DINO SARACINO, | : | |
| Defendants. | | |

## **INTRODUCTION**

Dino Saracino ("Defendant") submits this memorandum of law in support of his opposition to the Government's Motion *In Limine* to admit evidence against him at trial. Thomas Gioeli submitted a memorandum of law in support of Gioeli's opposition to the Government's motion. As previously stated in Defendant's request for additional time to submit the instant memorandum, Defendant joins in all the relief requested in Gioeli's papers, including the cross-motion for further disclosure from the Government, for the reasons submitted by Gioeli. Defendant adopts the arguments put forth by Gioeli as if fully restated herein.

Defendant also admits certain facts which undercut the basis for the Government's motion to admit evidence. Specifically, Defendant admits:

1. That an enterprise described by the Government as the Columbo Family exists;
2. That the Columbo Family has engaged in racketeering activity;
3. That some members of the Columbo Family were members of a conspiracy to conduct their affairs through a pattern of racketeering activity;
4. That some members of the Columbo Family committed crimes, including murder, murder conspiracy, obstruction of justice, robberies, burglaries, sale of stolen goods, assaults, extortion, narcotics trafficking, loan sharking, and illegal gambling; and

5. That the above activities had an effect on interstate commerce.

## ARGUMENT

In the Government's motion, the allegations of "other crimes" and circumstances against Defendant fall into roughly three categories:

1. Theft crimes committed when Defendant was a teenager and not yet a "member" of the Columbo Family;
2. Assaults at the direction of Columbo Family members in the 1990's, variously 10-20 years before today; and
3. Gambling and marijuana distribution within the last five years, which the Government doesn't allege was in furtherance of the enterprise, but seems to be offered to prove that the Defendant commits financially motivated crimes generally, and splits the profits of these crimes with Columbo Family members and other individuals who have no connection to the Columbo Family.

The Government suggests that the reasons these crimes were committed was in furtherance of the conspiracy, yet it fails to offer in its moving papers facts supporting how the enterprise benefited from the particular "other crimes" alleged against Defendant. That the defendant split proceeds of the crimes with individuals who are members of the Columbo family fails to state how this activity was in furtherance of the enterprise, and thus fails to state how it is relevant to the issues before this Court. It seems the Government merely hopes the floodgates will be opened at trial, and the jury will hear a torrent of allegations, tarnishing the Defendant with uncharged crimes as opposed to direct evidence of the indicted crimes.

Further it alleges that the crimes are proof of the Defendant's membership in the enterprise because each crime bears the hallmark of the Columbo Family activity-the criminal sought to evade apprehension. Such a flimsy argument holds no water as every

perpetrator of criminal activity seeks to avoid detection and arrest. Such post-crime activity can hardly be said to be the *modus operandi* of any particular enterprise.

Further, the overwhelming number of alleged "other crimes" evidence offered against Gioeli (28 uncharged crimes, some of which are multiple offenses) would have the effect of unfair prejudicial spillover against Defendant, impeaching him merely by his proximity to Gioeli at trial. To the extent that the joinder of the two defendants at trial is a procedural convenience for the Government to conserve its resources, the Court must deny admission of the evidence either because it unduly prejudices Gioeli, or because the spillover effect prejudices Defendant against whom the evidence is not offered but whom it harms without any probative value. (FRE 403)

Finally, the Government's argument that the "other crimes" evidence is "inextricably interwoven" into the charged crimes is misleading and unpersuasive. The indictment, which lays out the Government's theory of the enterprise and racketeering in furtherance thereof, does so compellingly without any mention of the "other crimes". If the Government can prove its charged allegations as it claims it will, it will have proven every element of all the charged crimes and no unduly prejudicial, uncharged crimes will have been mentioned at all. Their own moving papers belie their argument of the necessity to admit the extraneous evidence. The lily is complete without additional gilding.

## **CONCLUSION**

      For the forgoing reasons, this Court should grant the relief sought herein and such other relief as this Court deems just.

Dated: Bronx, New York
       June 13, 2011

                                            Respectfully Submitted,

                                            s/Samuel Braverman
                                            _____
                                            Samuel M. Braverman (SB5992)
                                            Attorney for Defendant

                                            Law Office of Sam Braverman
                                            901 Sheridan Avenue
                                            Bronx, New York 10451
                                            Tel (718) 293-1977
                                            Fax (718) 293-5395