**SAMUEL M. BRAVERMAN, ESQ. (SB5992)**
**LOUIS V. FASULO, ESQ. (LF4175)**
**901 Sheridan Avenue**
**Bronx, NY 10451**
**(718) 293-1977**
Attorneys for DINO SARACINO

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

**(HONORABLE BRIAN M. COGAN)**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Docket No. **08 CR 240-2 (BMC)** |
| Plaintiff, | ) | Date: August 3, 2011 |
| | ) | Time: |
| v. | ) | |
| | ) | **DEFENDANT SARACINO'S** |
| THOMAS GIOELI and | ) | **NOTICE OF MOTION** |
| DINO SARACINO, | ) | |
| Defendants. | ) | |
| | ) | ORAL ARGUMENT REQUESTED |

TO: LORETTA E. LYNCH, UNITED STATES ATTORNEY,
ELIZABETH GEDDES, ASSISTANT UNITED STATES ATTORNEY,
JAMES DONALD GATTA, ASSISTANT UNITED STATES ATTORNEY:

DINO SARACINO, by and through his Counsel, brings this motion to:

1) SEVER Defendant SARACINO's case at trial, pursuant to Rule 14(a) of the Federal Rules of Criminal Procedure; or in the alternative to empanel a separate Jury only to review the case against Defendant SARACINO; and

2) for such other and further relief as this Court deems just and proper.

Mr. Saracino further brings this motion pursuant to the applicable Amendments to the United States Constitution, all other referenced and applicable statutes, case law and local rules. This motion is based on the attached memorandum of points and authorities.

Respectfully submitted,

Dated: August 3, 2011      SAMUEL M. BRAVERMAN, ESQ.
       Bronx, NY               LOUIS V. FASULO, ESQ.
                                          Attorneys for Defendant

**SAMUEL M. BRAVERMAN, ESQ. (SB5992)**
**LOUIS V. FASULO, ESQ. (LF4175)**
901 Sheridan Avenue
Bronx, NY 10451
(718) 293-1977
Attorneys for DINO SARACINO

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

**(HONORABLE BRIAN M. COGAN)**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Docket No. **08 CR 240-2 (BMC)** |
| Plaintiff, | Date: August 3, 2011 |
| v. | |
| **THOMAS GIOELI and** | **AFFIRMATION IN SUPPORT OF** |
| **DINO SARACINO**, | **DEFENDANT SARACINO'S** |
| | **MOTION FOR SEVERANCE** |
| Defendants. | |

I, LOUIS V. FASULO, an attorney duly admitted to practice before the Courts of the State of New York, and the United States District Court, Eastern District of New York, affirm the following upon information and belief:

1. I have been appointed as Associate Counsel on behalf of Defendant SARACINO, by Notice of Appearance filed on July 13, 2011; and as such am fully familiar with the facts and circumstances herein.

2. I make this Affirmation in Support of Defendant Saracino's Motion for Severance, pursuant to Rule 14(a) of the Federal Rules of Criminal Procedure; or in the alternative for separate Jury to be charged with the review and determination of the case against Mr. Saracino at trial; for a continuance of the trial scheduled in this matter from September 26, 2011 to a later date determined by the Court; and for such other and further relief as this Court deems just and proper.

3. The most recent Superceding Indictment was filed in this matter on or about July 8, 2010. In the instant indictment, Defendant Saracino is charged with RICO, Conspiracy to commit murder, substantive Murders, Conspiracy for the Extortionate Collection of Credit and the substantive Collection thereof, Conspiracy to commit Robbery, substantive Robbery, Witness Tampering,

Withholding of Records and Obstruction of Official Proceeding, as an Associate and/or Member of the Colombo Organized Crime Family.

**MOTION FOR SEVERANCE**

4. Defendant GIOELI is charged similarly, and with additional acts of violence as the alleged "acting boss" of the Colombo Organized Crime Family (hereinafter referred to as the "Colombo Family").

5. On July 28, 2011, this Court filed a Memorandum Decision and Order regarding Government's Motion *in limine* pursuant to Rule 404(b) of the Federal Rules of Evidence. As part of said Decision, the Court Ordered that the Government's requests were permitted and deemed admissible at trial unless shown to outweigh the substantive evidence relevant to the crimes charged in the instant indictment.

6. The "prior bad acts" which the Government will seek to admit at trial, pursuant to the 404(b) Ruling, will include numerous acts, only a small number of which are attributable to Defendant Saracino. The overwhelming majority of acts are attributable only to Defendant GIOELI. It is also notable that the acts of Defendant GIOELI also indicate a greater level of violence than the acts attributable to Defendant Saracino. Additionally, Defendant GIOELI is charged as the "acting boss" of the Colombo Family during relevant periods of the indictment. These factors will significantly contribute to the loss of the opportunity for Defendant Saracino to have a fair trial.

7. While both defendants are charged with similar conspiracies and with being members of the Colombo Family, Defendant Saracino will be substantially prejudiced if he is compelled to stand trial with Defendant GIOELI.

8. Accordingly, it is respectfully requested that the Court sever the trial of both remaining defendants in this matter, granting Defendant Saracino his own separate trial.

9. Should the Court deny the request to sever trials in the interest of judicial economy, it is respectfully requested that in the alternative, the Court empanel a separate Jury to only examine and determine issues at trial regarding the case against Defendant Saracino.

## **CONCLUSION**

As a result of the foregoing facts, circumstances, and annexed Memorandum of Points and Authorities, Counsel respectfully requests that the Court:

1) SEVER Defendant SARACINO's case at trial, pursuant to Rule 14(a) of the Federal Rules of Criminal Procedure; or in the alternative to empanel a separate Jury only to review the case against Defendant SARACINO; and

2) for such other and further relief as this Court deems just and proper.

Dated: August 3, 2011
      Bronx, NY

Respectfully Submitted,

s/Louis V. Fasulo
By: LOUIS V. FASULO, ESQ. (LF4175)
Attorneys for Defendant SARACINO
901 Sheridan Avenue
Bronx, NY 10451
(718) 293-1977

TO:      *via ECF and Hand Delivery*
UNITED STATES DISTRICT COURT, EDNY
Clerk of the Court
225 Cadman Plaza
Brooklyn, NY 11201

*via ECF and Hand Delivery*
UNITED STATES ATTORNEY'S OFFICE, EDNY
Attn.:   Elizabeth Geddes, AUSA
         James Donald Gatta AUSA
271 Cadman Plaza
Brooklyn, NY 11201

**SAMUEL M. BRAVERMAN, ESQ. (SB5992)**
**LOUIS V. FASULO, ESQ. (LF4175)**
**901 Sheridan Avenue**
**Bronx, NY 10451**
**(718) 293-1977**
Attorneys for DINO SARACINO

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

**(HONORABLE BRIAN M. COGAN)**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Docket No. **08 CR 240-2 (BMC)** |
| Plaintiff, | Date: August 3, 2011 |
| v. | Time: |
| **THOMAS GIOELI and DINO SARACINO**, | **DEFENDANT SARACINO'S MEMORANDUM OF POINTS and AUTHORITIES** |
| Defendants. | |

### RELEVANT PROCEDURAL HISTORY

On or about June 19, 2008, an Indictment was handed-down in the instant case, charging Defendant GIOELI, Defendant Saracino and eleven (11) other individuals with RICO, overt acts and various substantive crimes alleging the defendants' membership and participation in the Colombo Organized Crime Family (hereinafter referred to as the "Colombo Family").

The most recent Superceding Indictment was filed in this matter on or about July 8, 2010.  In the instant indictment, Defendant Saracino is charged with RICO, Conspiracy to commit murder, substantive Murders, Conspiracy for the Extortionate Collection of Credit and the substantive Collection thereof, Conspiracy to commit Robbery, substantive Robbery, Witness Tampering, Withholding of Records and Obstruction of Official Proceeding, as an Associate and/or Member of the Colombo Family.

Defendant GIOELI is charged with similar conspiracies and numerous other acts of violence allegedly performed in furtherance of or to the benefit of the Colombo Family.  Most notably, Defendant Gioeli is alleged to have acted not only as a Member or "Soldier" of the Colombo Family, but to have also acted as a "Capo" and "Acting Boss" of the Colombo Family during the relevant time

periods of the Indictment.

On April 22, 2011, the Government filed a Motion in limine, for the admission of certain evidence of "prior bad acts," against both defendants, pursuant to Rule 404(b) of the Federal Rules of Evidence. After litigating the issues, on July 28, 2011, the Court issued a Decision/Order, largely granting the Government's motion, and permitting the admission of numerous acts. (See pages 8 - 12 of the Court's Memorandum Decision and Order, entered as "Document 1195" in ECF.)

The acts deemed admissible that allegedly involve Defendant Gioeli are far greater in number than those that allegedly involve Defendant Saracino. The acts deemed admissible that allegedly involve Defendant Gioeli also involve a greater number of incidents of alleged violence. Further, as mentioned above, Defendant Gioeli is alleged to have been the "Acting Boss" of the Colombo Family during relevant timeframes, while Defendant Saracino was not alleged to have had any managerial roles or responsibilities.

Due to the imbalance of severe, violent and prejudicial acts deemed admissible against Defendant Gioeli in the Court's 404(b) ruling, Defendant Saracino will be significantly and unduly prejudiced if compelled to proceed jointly at trial with Defendant Gioeli. Accordingly, it is respectfully requested that the Court grant Defendant Saracino's Motion for a Severance.

## ARGUMENT

When making a motion for Severance, a defendant must show that the prejudice from a joint trial "is sufficiently severe to outweigh the judicial economy that would be realized by avoiding multiple lengthy trials." *United States v Walker*, 142 F3d 103, 110 (2d Cir.1998) Where there is a serious risk that a joint trial would compromise a specific trial right of one of the co-defendants, or prevent the jury from making a reliable judgment about guilt or innocence, a severance should be ordered, pursuant to Rule 14 of the Federal Rules of Criminal Procedure. See *Zafiro v United States*, 506 US 534, 539 (1993); *Richardson v Marsh*, 481 US 200 (1987). As articulated in *United States v Kahaner*, 203 FSupp 78 (SDNY, 1962), *aff'd*, 317 F2d 159 (2d Cir.1963):

> The ultimate question is whether, under all the circumstances of
> the particular case, as a practical matter, it is within the capacity
> of the jurors to follow the court's admonitory instructions and
> accordingly to collate and appraise the independent evidence against

7

> each defendant solely upon the defendant's own acts, statements and conduct. In sum, can the jury keep separate the evidence that is relevant to each defendant and render a fair and impartial verdict as to him?

*Id.* at 81-82; See also *United States v Gallo*, 668 FSupp 736, 750 (EDNY, 1987)

Another basis for severance is under "prejudicial spillover," or when proof otherwise inadmissible against one defendant is admitted solely because of the presence of a co-defendant against whom the evidence is properly admitted. See *United States v Locascio*, 6 F3d 924 (2d Cir.1993); *United States v Salameh*, 152 F3d 88 (2d Cir.1998); *United States v DiNome,* 954 F2d 839, 843 (2d Cir.1992); and *United States v Cervone*, 907 F2d 332 (2d Cir.1990).

When the acts charged are of a conspiratorial nature, including RICO, the defendant must overcome the burden that even absent the presence of any co-defendant, the evidence would be separately admissible in the moving defendant's trial. See *United States v Diaz*, 176 F3d 52, 103 (2d Cir.1999); *United States v Miller*, 116 F3d 641, 679 (2d Cir.1997); *United States v Rosa*, 11 F3d 315, 341 (2d Cir.1993); and *United States v Romero*, 54 F3d 56, 60 (2d Cir.1995).

In the case-at-hand, Defendant Saracino argues several factors which lead to the significant and undue prejudice, including the disparate volume of alleged "acts;" the severity of those alleged "acts;" as well as the differing level of alleged culpability and role in the Colombo Family between the defendants.

Generally, while Defendant Saracino is charged as being a member of the same conspiracy and organization under RICO, many of the alleged "acts" deemed admissible by the 404(b) ruling would not otherwise be admissible if Defendant Saracino were standing trial alone.

(A) Disparate Volume

Defendant Saracino is charged with participating in the murders of Richard Greaves, William Cutolo and Ralph Dols. Under the 404(b) rulings, evidence regarding Defendant Gioeli's alleged involvement with the additional murders/deaths or related attempts of Veronica Zuraw, a nun who was inadvertently killed, Paul Gulino, Joseph Miccio, Carmine Gargano, James Clemenza and Ralph Lombardo, was deemed admissible. It is important to note that Defendant Saracino is alleged to have only cursory exposure to some of these murders after the fact.

While Defendant Saracino is charged with participating in most of the bank burglaries and robberies, or attempts thereof, included in the 404(b) ruling, the Court did permit an additional successful bank burglary which allegedly garnered more than $20,000.00.

Of the four (4) instances of trailer load theft deemed admissible in the 404(b) ruling, only one (1) allegedly involved Defendant Saracino. It must also be noted that the Government concedes that such attempt to steal the trailer was abandoned by the individuals.

Only three (3) instances of "miscellaneous burglaries and robberies" deemed admissible in the 404(b) ruling allegedly involved Defendant Saracino. Defendant Gioeli is implicated in two (2) of those three (3) incidents, along with the remaining ten (10) unrelated instances.

Defendant Saracino is not implicated in any of the four (4) alleged assaults that were deemed admissible against Defendant Gioeli in the 404(b) ruling, nor the alleged collection of "protection money" deemed admissible against Defendant Gioeli.

It is clear that a disparate volume of admissible "prior bad acts," implicate Defendant Gioeli. The sheer difference in the number of acts will undoubtedly prejudice Defendant Saracino. The number of alleged acts will both confuse the Jury as to the crimes charged in the instant indictment and the alleged involvement by Defendant Saracino with same.

(B) <u>Severity</u>

Defendant Saracino is charged with committing acts of violence, including murder, in the instant Indictment. However, the narrow scope of incidents involving acts of violence is also greatly outweighed by the severity of acts deemed admissible against Defendant Gioeli in the 404(b) ruling. The acts deemed admissible are categorically violent in nature. Yet, while Defendant Saracino is implicated in some of these acts, he is also charged in the instant Indictment and implicated in "prior bad acts" associated with illegal gambling.

The overall severity of the number of acts deemed admissible against Defendant Gioeli will significantly prejudice Defendant Saracino. The likelihood of confusion exists, as well as the "spillover prejudice" caused by the disturbance of the Jury as to the volume and severity of the violent acts allegedly involving Defendant Gioeli. Defendant Saracino will not have the benefit of a fair trial if he is compelled to stand trial with someone, and accused of conspiring on discreet charges, with an individual allegedly involved with many more acts of severe violence.

(D) Level of Culpability and Role

Defendant Saracino is charged as having been an Associate and/or Member of the Colombo Family during the relevant periods of the Indictment. Within the structure of organized crime, as alleged by the Government, these roles are low-level and without managerial power or discretion.

Defendant Gioeli is charged not only as having been a low-level Member of the Colombo Family, he is importantly distinguished as the "Acting Boss" of the Colombo Family during relevant periods of the Indictment. Quite obviously, this is a managerial role and arguably the highest level of power or control that an individual may obtain, as alleged at various times in the Colombo Family.

Should the Jury choose to credit the testimony and evidence implicating Defendant Gioeli as the "Acting Boss," the prejudice suffered by Defendant Saracino will be significant and undue. The prejudice and threat of the Jury's determination of "guilt by association," is likely if Defendant Saracino is compelled to stand trial with Defendant Gioeli.

While Defendant Saracino argues a lower level of alleged culpability and alleged involvement with the Colombo Family, it is merely a factor and not the entirety of his argument. See *United States v Scarpa*, 913 F2d 993, 1015 (2d Cir.1990) and *United States v Carson*, 702 F2d 351, 366-367 (2d Cir.1983).

As a result of the foregoing, the Court must recognize the significant and undue prejudice likely to be incurred by Defendant Saracino if he is compelled to stand trial with Defendant Gioeli. Accordingly, the Court must grant Defendant Saracino's motion for Severance.

If the Court does not find the prejudice likely suffered by Defendant Saracino will outweigh the judicial economy of a single trial, Defendant Saracino respectfully requests in the alternative, that the Court empanel a second and separate Jury charged only with making determinations related to his case.

It is also respectfully requested that the Court grant such other and further relief as it deems just and proper.

## **CONCLUSION**

As a result of the foregoing facts, circumstances, and annexed Memorandum of Points and Authorities, Counsel respectfully requests that the Court:

1) SEVER Defendant SARACINO's case at trial, pursuant to Rule 14(a) of the Federal Rules of Criminal Procedure; or in the alternative to empanel a separate Jury only to review the case against Defendant SARACINO; and

2) for such other and further relief as this Court deems just and proper.

Dated: August 3, 2011
Bronx, NY

Respectfully Submitted,

s/Louis V. Fasulo
By: LOUIS V. FASULO, ESQ. (LF4175)

## **CERTIFICATION OF ELECTRONIC MAILING**

      This is to certify that a copy of the foregoing was sent via electronic means this 3rd day day of August, 2011, in compliance with the local rules of practice and procedure, to the person(s) and/or entities as listed below.

UNITED STATES ATTORNEY'S OFFICE, EDNY
Attn.:Elizabeth Geddes, AUSA
     James Donald Gatta AUSA
     271 Cadman Plaza
     Brooklyn, NY 11201

                      s/Louis F. Fasulo
                      Louis F. Fasulo