# LAW OFFICE OF SAM BRAVERMAN

901 Sheridan Avenue
Bronx, New York 10451
Tel (718) 293-1977
Fax (718) 293-5395

PO Box 127
Tenafly, New Jersey 07670
Braverlaw@aol.com
Tel (201) 569-1595

*Sam Braverman, Admitted NY & NJ
*Giovanni Rosania, Admitted NY

October 21, 2011

**Via ECF Transmission**

United States Attorney's Office
For the Eastern District of New York
271 Cadman Plaza
Brooklyn, New York 11201

ATTN:   **Elizabeth Geddes, AUSA**
        **James Gatta, AUSA**

Re:     **United States v. Dino Saracino**
        **Docket No.: 08 Cr 240 (BMC)**

Dear Ms. Geddes and Mr. Gatta:

      As you are aware, this office represents Dino Saracino in the above-referenced matter. I write as a follow-up to a *Brady* request letter sent to you on August 4, 2011. I also write to make a written request for further potentially exculpatory material pursuant to *Brady v. Maryland*, 373 US 83 (1963) and to discuss discovery issues.

      In my August 4, 2011, *Brady* request letter, Mr. Saracino requested, among other things:

      1. Any and all notes, memoranda, recordings, documents or evidence related to any and all proffer sessions held with Anthony Basile, by representatives of the Eastern District of New York, Southern District of New York, any law enforcement agent employed by the United States of America, the State of New York, or otherwise;

      2. Any and all notes, memoranda or recordings related to meetings and proffer sessions with all Confidential Informants who testified or aided in the preparation of the trial of *United States v Persico* (Docket No. 04-cr-911), as relevant to Defendant Saracino, Defendant Gioeli, and all conspiracies and/or overt acts charged in the instant Indictment;

      3. Any and all documents or evidence found in Alphonse Persico's apartment, and discussed in preparation for and during the trial of *United States v Persico*, related to Vincent DeMartino and/or payments in the sum of Fifty Thousand ($50,000.00) Dollars;

      4. Any and all notes, memoranda or recordings related to meetings and proffer sessions with the Confidential Informant who implicated Vincent DeMartino in the death of William Cutolo, as well as the name and last known address of said Confidential Informant;

      5. Any and all notes, memoranda or recordings related to meetings and proffer sessions with any and all Confidential Informants who implicated anyone other than Defendant Saracino and Defendant Gioeli in the death of Ralph Dols, as well as the name and last known address of said Confidential Informant; and

      6. Any and all other materials currently in the possession of the United States Attorney's Office for the Eastern District of New York and Southern District of New York, or any and all other agencies of the United States of America, the State of New York or otherwise that may be exculpatory in nature regarding Defendant Saracino's alleged involvement in the crimes and overt acts charged in the instant Indictment.

    To date, your office has not complied with Mr. Saracino's *Brady* request of August 4, 2011. These materials are essential to the preparation of Mr. Saracino's defense to the charges against him.

    Moreover, it has come to our attention that there is an area pertaining to the investigation that is subject to the immediate and obligatory disclosure under *Brady*. Please accept the following as our demand:

      1. There are repeated reports that one of the cooperating witnesses in this matter is involved in a homicide which took place during the time the witness has been participating in the WITSEC program. We hereby request any and all notes, memoranda, recordings, documents, or any other evidence known to representatives of the Eastern District of New York, Southern District of New York, any law enforcement agent employed by the United States of America, the State of New York, or otherwise.

    In other discovery matters, there were two letters sent from your office dated August 30, 2011 and September 2, 2011. Each indicated that DX 1289 – 1293 were being produced with the letter. However, as the exhibits produced with each letter are not the same, it appears there has been duplication of Discovery Exhibit numbers. Going forward, would you be amenable to re-naming the exhibits contained in the September 2, 2011 letter as 1289a, 1290a, etc? Also, can you please clarify if this error has affected the numbering system for subsequent exhibits?

Finally, we are in contact with DupeCoop regarding the recordings from DX 540 and DX 550 (From the dates 02/13/08 and 03/20/08 respectively). These recordings were not included in our iPods and hard drives ordered from DupeCoop. Further, we understand that DupeCoop has been unable to open the disks recently provided by your office containing these recordings. These recordings do exist as there are corresponding FBI 1023's to these dates. We ask that you please forward the disks containing this material in an accessible form at your earliest convenience.

Please provide all of the aforementioned materials to my office on or before November 15, 2011. Thank you for your time and attention in this matter. Should you have any questions, feel free to contact me at my office.

Very truly yours,

Samuel M. Braverman

cc: All Counsel Via ECF