# UNITED STATES DISTRICT COURT

Eastern District of New York

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | |
| DINO SARACINO | ) | Case Number: 08cr240-13 (BMC) |
| | ) | USM Number: |
| | ) | Samuel Braverman, Esq. |
| | ) | Defendant's Attorney |

**THE DEFENDANT:**

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☑ was found guilty on count(s)  1, 5, 6, 7 and 8 of Superseding Indictment (S-6)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1962(d) | Racketeering Conspiracy | 6/23/2008 | 1ss |
| 18 U.S.C. § 892(a) | Extortionate Collection of Credit Conspiracy | 6/23/2008 | 5ss |
| 18 U.S.C. § 1512(b)(1), | Prevention of Testimony | 6/23/2008 | 6ss |

The defendant is sentenced as provided in pages 2 through  7  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☑ The defendant has been found not guilty on ~~count(s)~~  remaining counts

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

4/28/2014
Date of Imposition of Judgment

s/BMC
Signature of Judge

BRIAN M. COGAN          USDJ
Name of Judge            Title of Judge

4/29/2014
Date

AO 245B (Rev. 09/11) Judgment in a Criminal Case
Sheet 1A

DEFENDANT: DINO SARACINO
CASE NUMBER: 08cr240-13 (BMC)

Judgment—Page 2 of 7

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1512(b)(2); | Withholding of Testimony | 6/23/2008 | 7ss |
| 18 U.S.C. § 1512(c)(2) | Obstruction of Official Proceeding | 6/23/2008 | 8ss |

Judgment — Page 3 of 7

DEFENDANT: DINO SARACINO
CASE NUMBER: 08cr240-13 (BMC)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

Count 1: 240 Months
Count 5: 240 Months, to run consecutively to Count 1
Count 6, 7 and 8: 120 Months to run concurrently with each other, but consecutively to the sentence imposed on Counts 1 and 5, for a total of 50 years

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

   ☐ at _____ ☐ a.m. ☐ p.m. on _____

   ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐ before 2 p.m. on _____

   ☐ as notified by the United States Marshal.

   ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: DINO SARACINO
CASE NUMBER: 08cr240-13 (BMC)

Judgment—Page __4__ of __7__

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

3 Years

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

   notification is not possible, then within forty eight hours after such change;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: DINO SARACINO
CASE NUMBER: 08cr240-13 (BMC)

Judgment—Page 5 of 7

## SPECIAL CONDITIONS OF SUPERVISION

(1) Comply with orders of restitution and forfeiture order

(2) Full financial disclosure to the Probation Department

(3) The defendant shall not associate with any member or associate of La Cosa Nostra, or any other organized crime group, either in person, by mail, or by telephone.

(4) 6 months electronic monitoring, and the defendant shall reimburse the Probation Department for the costs of this service at the prevailing rate to the extent he is able.

(5) Search Condition: The defendant shall submit his person, residence, place of business, vehicle, or any other premises under his control to a search on the basis that the probation officer has reasonable belief that contraband or evidence of a violation of the conditions of the release may be found; the search must also be conducted in a reasonable manner and at a reasonable time; failure to submit to a search may be grounds for revocation; the defendant shall inform any other residents that the premises may be subject to search pursuant to this condition.

DEFENDANT: DINO SARACINO
CASE NUMBER: 08cr240-13 (BMC)

Judgment — Page 6 of 7

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 500.00 | $ | $ 228,500.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| JPMorgan Chase Bank, N.A., as successor to Chemical Bank | $210,000.00 | $210,000.00 | 1 |
| Daniel Greaves, as representative of the estate of Richard Greaves | $18,500.00 | $18,500.00 | 1 |
| **TOTALS** | $ 228,500.00 | $ 228,500.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ the interest requirement is waived for the  ☐ fine  ☑ restitution.

  ☐ the interest requirement for the  ☐ fine  ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: DINO SARACINO  
CASE NUMBER: 08cr240-13 (BMC)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☑ Lump sum payment of $  500.00  due immediately, balance due

    ☐ not later than _____ , or  
    ☐ in accordance   ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

**C** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☑ Special instructions regarding the payment of criminal monetary penalties:

    Restitution in the amount of $228,500, due immediately and payable at a rate of 10% of gross income per month while on supervised released. Forfeiture is referenced in the annexed order.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

SLR:LDM:EAG/JDG/CMP
F. # 2008R00530

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

- against -

DINO SARACINO,

    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

ORDER OF FORFEITURE

08-CR-240 (S-6) (BMC)

   WHEREAS, on or about May 9, 2012, the defendant, DINO SARCINO, was convicted after a jury trial of violations of Counts One, Five, Six, Seven and Eight of the above-captioned Superseding Indictment, to wit, 18 U.S.C. § 1962(d), 18 U.S.C. § 892(a), 18 U.S.C. § 1512(b)(1), 18 U.S.C. § 1512(b)(2)(A), and 18 U.S.C. § 1512(c)(2), respectively; and

   WHEREAS, the Court has found by a preponderance of the evidence that pursuant to Fed. R. Crim. P. 32.2(b)(1), 18 U.S.C. § 1963(a), 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), the defendant is liable for and must forfeit the amount of $662,000\_\_\_\_\_, (the "Forfeiture Money Judgment"), which represents property in which (a) the defendant has acquired or maintained an in interest in, in violation of 18 U.S.C. § 1962; (b) the defendant has an interest in, security of, claims against, or property and contractual rights that afford a source of influence over the enterprise that the defendant established, operated, controlled, conduct or participated in the conduct of, in violation of 18 U.S.C. § 1962; or (c) the defendant derived from, or constitutes, proceeds obtained, directly or indirectly, from racketeering activity or unlawful debt collection in violation of 18 U.S.C. § 1962; and/or as forfeiture of substitutes assets, pursuant to 18 U.S.C. § 1963(m); and (d) pursuant to 18 U.S.C. §

981(a)(1)(C), and 28 U.S.C. § 2461(c), as property, real or personal, that constitutes or is derived from proceeds traceable to the defendant's violation of 18 U.S.C. § 982(a); and/or which constitute substitutes assets pursuant to 21 U.S.C. § 853(p).

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, as follows:

1. The defendant shall forfeit to the United States the full amount of the Forfeiture Money Judgment, pursuant to 18 U.S.C. §§ 1963(a) and 1963(m), 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and 21 U.S.C. § 853(p).

2. The defendant shall be jointly and severally liable with his co-defendant THOMAS GIOELI, *and any other defendant against whom a forfeiture judgment is entered for the same property that is the subject of this order.*

3. All payments made towards the Forfeiture Money Judgment shall be made by certified or bank check, payable to the "United States Marshals Service" with the criminal docket number noted on the face of each such check. The defendant shall cause said checks to be sent by overnight mail to Assistant United States Attorney Laura D. Mantell, United States Attorney's Office, Eastern District of New York, 271 Cadman Plaza East, Brooklyn, New York 11201. Interest shall accrue on any unpaid portion of the Forfeiture Money Judgment at the judgment rate of interest from the date of sentencing.

4. If the Forfeiture Money Judgment is not received as provided above, the defendant shall forfeit any other property of his up to the value of the Forfeiture Money Judgment, pursuant to 18 U.S.C. § 1963(m), the Federal Debt Collection Procedures Act, or any other applicable law. The entry and payment of the Forfeiture Money Judgment shall not be considered a payment of a fine, penalty, restitution loss amount, penalty, or a payment on any income taxes that may be due and shall survive bankruptcy

2

5. Upon entry of this Order, the United States Attorney General or his designee is authorized to conduct any proper discovery in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c), and to commence any applicable proceedings to comply with statutes governing third party rights, including giving notice of this Order. The United States alone shall hold title to the monies paid to satisfy the Forfeiture Money Judgment following the Court's entry of the judgment of conviction.

6. The terms contained herein shall be final and binding only upon the Court's "so ordering" of this Order.

7. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A), this Order shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. This Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

8. This Order shall be binding upon the defendant and the successors, administrators, heirs, assigns and transferees of the defendant, and shall survive the bankruptcy of any of them.

9. The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

10. The Clerk of the Court is directed to send, by inter-office mail, four certified copies of this executed Order or Forfeiture to United States Attorney's Office, Eastern District of New York, Attn: Dionne Gill, FSA Supervisory Paralegal, 271 Cadman Plaza East, Brooklyn, New York 11201.

Dated: Brooklyn, New York
     April 29, 2014

So Ordered:

s/BMC

HONORABLE BRIAN M. COGAN
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK

4