SLR:LDM
F.# 2008R00530

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

| | |
|---|---|
| UNITED STATES OF AMERICA | FINAL ORDER OF FORFEITURE <u>AS TO SUBSTITUTE ASSETS</u> |
| - against - | |
| | 08-CR-240 (S-6)(BMC) |
| DINO SARACINO, | |
| Defendant. | |

- - - - - - - - - - - - - - - - -X

    WHEREAS, on or about May 9, 2012, DINO SARACINO (the "defendant"), was convicted after a jury trial of the offenses charged in Counts One, Five, Six, Seven and Eight of the above-captioned Superseding Indictment charging violations of 18 U.S.C. §§ 1962(d), 892(a), 1512(b)(1), 1512(b)(2)(A) and 1512(c)(2), respectively;

    WHEREAS, on or about April 28, 2014, the defendant was sentenced and ordered to forfeit the amount of six hundred sixty-two thousand dollars and zero cents ($662,000.00) (the "Forfeiture Money Judgment"), which amount the United States established to be proceeds of the defendant's offenses as property: (a) the defendant acquired and/or maintained an interest in, in violation of 18 U.S.C. § 1962; (b) the defendant has in interest in, security of, claims against, or property and contractual rights that afford a source of influence over the enterprise that the defendant established, operated, controlled, conducted or participated in the conduct of, in violation of 18 U.S.C. § 1962; (c) the defendant derived from, or constituted, proceed obtained directly or indirectly, from racketeering activity or unlawful debt collection in violation of 18 U.S.C. § 1962; (d)

substitute assets, pursuant to 18 U.S.C. § 1963(m); (e) property, real or personal, that constitutes or is derived from proceeds traceable to the defendant's violation of 18 U.S.C. § 982; and/or (f) substitute assets, pursuant to 21 U.S.C. § 853(p);

WHEREAS, the Court imposed the Forfeiture Money Judgment against the defendant and his co-defendant, THOMAS GIOELI (the "co-defendant"), and any other defendant against whom a Forfeiture Money Judgment is entered for the same property that was the subject of the Order of Forfeiture;

WHEREAS, no portion of the Forfeiture Money Judgment has, to date, been satisfied by the defendant or his co-defendants;

WHEREAS, on or about January 4, 2019, the Court entered a Preliminary Order of Forfeiture as to Substitute Assets ("Substitute Assets POF"), forfeiting all right, title and interest in: (a) one (1) Frank Muller watch; and (b) a white gold key chain, which were seized on or about June 23, 2008 by law enforcement (collectively hereinafter, the "Seized Property") (Docket no. 2070);

WHEREAS, on January 8, 2019, this Court denied the defendant's motion for return of property (Docket no. 2069);

WHEREAS, legal notice of the forfeiture of the Seized Property was published in this district on the official government website, www.forfeiture.gov, for thirty (30) consecutive days beginning on March 21, 2019 through and including April 19, 2019 (Docket no. 2071); and

WHEREAS, no third party has filed with the Court any petition or claim in connection with the Seized Property and the time to do so under 21 U.S.C. § 853(n)(2) has expired.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED, that pursuant to 18 U.S.C. § 1963(m) and 21 U.S.C. § 853(p), and the Substitute Assets POF, all right, title and interest in the Substitute Assets are hereby condemned, forfeited, and vested in the United States of America and shall be applied towards the outstanding balance owed on the Forfeiture Money Judgment.

IT IS FURTHER ORDERED that the United States Marshals Service and/or the Federal Bureau of Investigation, or its duly authorized agents and/or contractors be, and hereby, are directed to dispose of the Substitute Assets in accordance with all applicable laws and regulations.

IT IS FURTHER ORDERED, that the sum of one thousand three hundred one dollars and zero cents ($1,301.00) (the "Seized Cash") shall be applied towards the defendant's outstanding restitution balance as was ordered against him by this Court during his sentencing.

IT IS FURTHER ORDERED that the United States District Court for the Eastern District of New York shall retain jurisdiction over this action for the purpose of enforcing the Substitute Assets POF and this Final Order of Forfeiture as to the Substitute Assets ("Substitute Assets FOF") and any supplemental orders of forfeiture as may be necessary.

IT IS FURTHER ORDERED that the Clerk of the Court shall enter final judgment of forfeiture to the United States in accordance with the terms of this Substitute Assets FOF and the Substitute Assets POF.

IT IS FURTHER ORDERED THAT the Clerk of the Court is directed to send, by inter-office mail, three (3) certified copies of this executed Substitute Assets FOF to the, United States Attorney's Office, Eastern District of New York, Attn: Maritza Arroyo, FSA Supervisor, 271-A Cadman Plaza East, Brooklyn, New York 11201.

Dated: Brooklyn, New York
_____, 2019

SO ORDERED:

_____
HONORABLE BRIAN M. COGAN
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK